Filed 12/19/13  P. v. Payan CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH DISTRICT

## DIVISION TWO

## STATE OF CALIFORNIA

THE PEOPLE,

    Plaintiff and Respondent,

v.

ROBERT CRUZ PAYAN,

    Defendant and Appellant.

E058949

(Super.Ct.No. FWV024819)

ORDER MODIFYING OPINION
[NO CHANGE IN JUDGMENT]

The opinion filed in this matter on November 20, 2013, is hereby modified, as follows:

1.  On page two, the fifth full paragraph and the first full paragraph on page three are deleted and replaced with the following:

> Section 1170.126, subdivision (e)(3) provides, as pertinent here, that a defendant is eligible for resentencing if "[t]he inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph 2 of subdivision (c) of Section 1170.12." Defendant's prior convictions include one for forcible rape (§ 261, subd. (a)(2), former § 261.2) committed in 1980.  This is a sexually violent offense under section 1170.12, subdivision (c)(2)(C)(iv)(I).  As such,

defendant was ineligible for resentencing under section 1170.126, subdivision (e)(3).

The court denied the petition, finding that defendant's prior convictions included one for section 261.2, which made him ineligible for resentencing. Defendant filed a timely notice of appeal.

Except for this modification, the opinion remains unchanged. This modification does not change the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

RICHLI
J.

CODRINGTON
J.

2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058949 |
| v. | (Super.Ct.No. FWV024819) |
| ROBERT CRUZ PAYAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Michael A. Smith, Judge. Affirmed.

Lynelle K. Hee, under appointment by the Court of Appeal, for Defendant and Apellant.

No appearance for Plaintiff and Respondent.

1

Defendant Robert Cruz Payan appeals from an order denying his petition for recall of his indeterminate life term under Penal Code section 1170.126, subdivision (f).[1] We will affirm the order.

## BACKGROUND

Defendant was convicted in February 2003 of possessing a controlled substance (Health & Saf. Code, § 11377, subd. (a)). It was also found true that defendant had sustained two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12) and three prison priors (§ 667.5, subd. (b)).

In April 2003, the court sentenced defendant to 28 years to life in state prison.

On November 6, 2012, the electorate passed Proposition 36, also known as the Three Strikes Reform Act. Among other things, this ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the three strikes law to file a petition in the sentencing court, seeking to be resentenced to a determinate term as a second striker. (§ 1170.126, subd. (f).) If the trial court determines, in its discretion, that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant. (§ 1170.126, subds. (f) & (g).)

Section 1170.126, subdivision (e)(3) provides, as pertinent here, that a defendant is eligible for resentencing if "[t]he inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph 2 of subdivision (c) of

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

Section 1170.12." Defendant's convictions include lewd and lascivious acts against a child under the age of 14 years (§ 288, subd. (a)). A violation of section 288 against a child under the age of 14 years is defined as a serious felony pursuant to sections 667, subdivision (e)(2)(C)(iv)(III) and 1170.12, subdivision (c)(2)(C)(iv)(III). As such, defendant was ineligible for resentencing under section 1170.126, subdivision (e)(3).

The court denied the petition, finding that defendant's strikes included a conviction for section 288, subdivision (a), which made him ineligible for resentencing. Defendant filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent defendant on appeal. After examination of the record, counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

**DISPOSITION**

The order denying defendant's petition for recall is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

RICHLI
J.

CODRINGTON
J.

4